OPINION
{¶ 1} Stephen C. Jones was convicted by a jury in the Montgomery County Court of Common Pleas of one count of murder, two counts of felonious assault, and one count of tampering with evidence. He was sentenced to fifteen years to life for murder, eight years for each count of felonious assault, and five years for tampering with evidence, for an aggregate sentence of twenty-eight years to life. Jones appealed from his *Page 2 
eight years to life. Jones appealed from his conviction and sentence.
 {¶ 2} The facts leading up to the fatal altercation are undisputed. Anthony and Connie Ogleton and some friends gathered at the Ogleton home in Dayton, Ohio, on the evening of August 22, 2005. The friends included Jones and his girlfriend, Trudy Weaver. The friends had been smoking crack cocaine together most of the evening when an argument erupted over the use of Weaver's car and cellular phone to obtain more crack. Weaver was angry because an attempt to procure more crack was unsuccessful and because the friends were apparently unable to compensate her for the use of her car and phone. Connie Ogleton lost patience with Weaver and told her to leave the house. Connie threatened Weaver, but Anthony Ogleton prevented Connie from approaching Weaver by holding her around the waist. Jones struck Connie and, when Anthony came to her aid, he was struck as well. Both were knocked to the floor.
 {¶ 3} At this point, different versions of the events emerged. The state's evidence was that Jones pulled a knife and stabbed Anthony Ogleton. Weaver's testimony supported this version because she claimed to have seen Jones with the green-handled knife that he admittedly used in the stabbing earlier in the day. Although Jones did not testify, police officers' testimonies recounted his claim that Anthony had pulled the knife, but that Jones had immediately grabbed it from Anthony and stabbed him with it.
 {¶ 4} Although Anthony managed to force Jones from his home using a cane, Anthony died from his wounds a short time later. Jones fled from the house with Weaver in Weaver's car.
 {¶ 5} The next day, Jones turned himself into the police. First, he told the police that Anthony had produced the knife during the altercation and that Anthony had fallen on it. Later, he *Page 3 
it. Later, he claimed that he had taken the knife from Anthony and used it to stab him once or twice. He described the knife as having a green handle and told them how he had disposed of the knife near a lake. The police did not recover the knife. During their search of the Ogleton house, the police found a knife between the cushions of the couch, but its tip was broken and it was inconsistent with Anthony's stab wounds.
 {¶ 6} On September 1, 2005, Jones was indicted for murder, two counts of felonious assault, and tampering with evidence. Following a four-day trial, a jury convicted him of all four offenses. He was sentenced as described above.
 {¶ 7} Jones raises two unrelated issues for review on appeal, although he discusses them under one assignment of error. We will discuss these issues separately.
 {¶ 8} I. "THE TRIAL COURT ERRED IN NOT ALLOWING THE LESSER INCLUDED OFFENSES TO BE PART OF THE JURY INSTRUCTIONS."
 {¶ 9} Jones claims that the trial court erred in refusing to instruct the jury on the lesser offenses of voluntary manslaughter and aggravated assault. Jones claims that the evidence supported giving these instructions.
 {¶ 10} The pertinent difference between the definitions of felony-murder and voluntary manslaughter and the definitions of felonious assault and aggravated assault is that with voluntary manslaughter and aggravated assault, the person acts "while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force." R.C. 2903.03(A); R.C. 2903.12(A).
 {¶ 11} Jones claims that "the use of deadly force by Mr. Ogleton was enough to provoke a response of Mr. Jones taking the knife away and responding" and that he suffered "serious *Page 4 
suffered "serious emotional stress brought on by reasonable provocation." The trial court concluded, however, that the initial altercation that sparked the melee occurred between the two women and that being incited by the actions of one person, i.e., Connie Ogleton, did not justify sudden passion or rage toward another person, i.e., her husband. The court further concluded that Jones had been the aggressor, knocking the Ogletons to the floor, and that he had not availed himself of the opportunity to leave rather than to escalate the situation. Thus, the court refused to give instructions on voluntary manslaughter, aggravated assault, or the self-defense instruction that was belatedly requested by the defense. Jones' appeal does not address the self-defense instruction.
 {¶ 12} We agree with the trial court's conclusion that, even construing the evidence in the light most favorable to Jones, the evidence could not reasonably support a conclusion that Anthony Ogleton's actions had provoked Jones to stab him. Connie and Weaver began the altercation, and it turned violent only when Jones hit the Ogletons. Jones did not leave the Ogletons' house after being asked to do so. Under these facts, the trial court's denial of the requested instructions was sound. Moreover, even if Anthony had produced the knife initially, as Jones claimed, there was no evidence that Anthony brandished the knife aggressively or did anything other than request that Jones and Weaver leave. Thus, the court would have properly concluded on this scenario that the alleged provocation was not reasonably sufficient to justify the use of deadly force.
 {¶ 13} The first issue is without merit.
 {¶ 14} II. THE TRIAL COURT ERRED IN NOT MERGING THE FELONIOUS ASSAULT CHARGES WITH THE MURDER CHARGE."
 {¶ 15} Jones contends that his right to be free from double jeopardy and excessive *Page 5 
punishment was violated by the court's refusal to merge his felonious assault and felony murder convictions. He asserts that the offenses of which he was convicted were allied offenses of similar import and were "inseparable." As such, he claims that he should have been sentenced for only a single crime or act.
 {¶ 16} The supreme court has held that R.C. 2941.25, Ohio's multiple-count statute, clearly indicates the General Assembly's intent to permit cumulative sentencing for the commission of certain offenses.State v. Rance, 85 Ohio St.3d 632, 635-636, 1999-Ohio-291,710 N.E.2d 699. Specifically, the court held that "Ohio intends to permit a defendant to be punished for multiple offenses of dissimilarimport." (Emphasis sic.) Id. at 636. If, however, the offenses are of similar import, the defendant may be convicted of only one unless the offenses are committed separately or with a separate animus as to each. Id.
 {¶ 17} The applicable test for determining whether crimes are allied offenses of similar import is as follows: "If the elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import.' [State v. Jones (1997), 78 Ohio St.3d 12, 13-14,676 N.E.2d 80, 81, quoting State v. Blankenship (1988), 38 Ohio St.3d 116,117, 526, N.E.2d 816.] If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted." Id. The elements of the offenses must be compared in the abstract. Id.
 {¶ 18} Jones contends that felonious assault and felony murder are allied offenses of similar import. We disagree. Felony murder requires causing death while committing or attempting to commit a first or second degree offense of violence, whereas felonious assault requires knowingly causing serious physical harm to another or knowingly causing physical harm *Page 6 
physical harm to another by means of a deadly weapon. See R.C.2903.02(B); R.C. 2903.11(A)(1); R.C. 2903.11(A)(2). Comparing the elements of these offense in the abstract, one can commit a felony murder without committing either type of felonious assault, and vice versa. Therefore, felony murder and felonious assault are not allied offenses of similar import. See State v. Henry, Franklin App. No. 04AP-1061, 2005-Ohio-3931, ¶ 59; State v. Gomez-Silva (Dec. 3, 2001), Butler App. No. CA2000-11-230. Because the offenses are not allied offenses of similar import, multiple convictions were permitted.
 {¶ 19} The second issue is without merit.
 {¶ 20} The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.
Copies mailed to:
Jill R. Sink
Brent E. Rambo
 Hon. Barbara P. Gorman *Page 1