[Cite as *State v. Hunt*, 2009-Ohio-5435.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,           CASE NO. 3-09-06

     v.

STANLEY E. HUNT,                 O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 08-CR-0047

**Judgment Affirmed**

Date of Decision:    October 13, 2009

APPEARANCES:

    *Shane M. Leuthold*  for Appellant

    *Clifford J. Murphy*  for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Stanley E. Hunt ("Hunt") brings this appeal from the judgment of the Court of Common Pleas of Crawford County finding him guilty of burglary and sentencing him to a prison term of three years. For the reasons set forth below, the judgment is affirmed.

{¶2} On February 11, 2008, Hunt, Willis Clary ("Clary"), and Joshua Smith ("Smith") were dropped off near the victim's residence with the intent to commit a burglary. The victim was not staying at the home at the time. The three then proceeded to break into the residence and steal numerous items. Although the victim was not staying at the residence at the time, he had left numerous personal effects and maintained the home as a residence with the intent of returning.

{¶3} On March 10, 2008, the grand jury indicted Hunt on one count of burglary in violation of R.C. 2911.12(A)(3), a third degree felony. Hunt entered a plea of not guilty on April 30, 2008. A jury trial was held on December 18, 2008. The jury returned a verdict of guilty. On February 18, 2009, Hunt was sentenced to three years in prison. Hunt appeals from the judgment of conviction and raises the following assignment of error.

> **The conviction of burglary is against the manifest weight of the evidence.**

**{¶4}** Hunt's sole assignment of error alleges that the conviction is against the manifest weight of the evidence because the structure was not occupied and because Hunt did not trespass on the property.

> **Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief*."**

*State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 514 (citing Black's Law Dictionary (6 Ed. 1990) 1594). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. Id. Although the appellate court may act as a thirteenth juror, it should still give due deference to the findings made by the jury.

> **The fact-finder, being the jury, occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.**

*State v. Thompson* (1998), 127 Ohio App.3d 511, 529, 713 N.E.2d 456.

{¶5} Here, Hunt was convicted of burglary in violation of R.C. 2911.12(A)(3).

> **(A) No person, by force, stealth, or deception, shall do any of the following:**
>
> **\* \* \***
>
> **(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense[.]**

Hunt claims he is not guilty of burglary because 1) he did not trespass in the property and 2) the structure was unoccupied. Hunt alleges that since the victim was not living at the home, it was not an occupied structure. Hunt's first argument is that he did not trespass because he testified that he did not enter the structure, but stood outside the window while Clary and Smith passed items to him. The testimony at trial by Clary was that all three of them entered the home. Tr. 90. Smith also testified that Hunt entered the residence. Tr. 186. Additionally, Hunt does not deny that Clary and Smith entered the home or that he helped plan and execute the burglary. During the trial, the State put forth the theory that Hunt was complicit in the trespass because the burglary was planned by all three parties. The jury was given an instruction on complicity without objection by Hunt. By Hunt's own admission, he was complicit to the trespass by his accomplices. Thus, the determination that Hunt had either trespassed on the

residence himself or was complicit in Clary and Smith doing so is not against the manifest weight of the evidence.

**{¶6}** Hunt's second argument is that the building was not an occupied structure.

> **"Occupied structure" means any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:**
>
> **(1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.**
>
> **(2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.**
>
> **(3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.**
>
> **(4) At the time, any person is present or likely to be present in it.**

R.C. 2909.01(C). When determining whether a structure is "occupied" the question is if the dwelling has a residential purpose, not whether the occupant is present. *State v. Burgos*, 9th Dist. No. 05CA008808, 2006-Ohio-4305. See also *State v. Green* (1984), 18 Ohio App.3d 69, 480 N.E.2d 1128 (holding that a home vacated when the residents moved to a new home was still an "occupied structure" because it was maintained as a dwelling).

> **We find the legislative intent of "occupied" structure evident from the Committee Comment to R.C. 2909.01. Said Committee comment states in pertinent part that under R.C. 2909.01(C)(1) "all dwellings are classed as occupied structures, regardless of the actual presence of any person. Whether or not the dwelling is used as a permanent or temporary home is immaterial, so long as it is maintained for that purpose."**

*Burgos*, supra at ¶22.

{¶7} The victim in this case testified that he had left the home in October 2007, after his wife died and he was injured in an accident. Tr. 20. He testified that he could not afford to heat the home on one income, so he moved in with his father. Tr. 20-21. However, he left several personal items in the residence including furnishings, bedding, firearms and ammunition, clothing, his crutches[1], a television, dvd players, appliances, etc. Tr. 21-32. The victim further testified that the electricity was left on in the house and that he intended to return to the home as his residence. Tr. 22-23, 32. Thus, this house was maintained as a residence and was "occupied" under the statutory definition. Since the evidence supports a finding that Hunt trespassed in an occupied structure for the purpose of committing a criminal offense, i.e. theft, the judgment finding him guilty of burglary is not against the manifest weight of the evidence. The assignment of error is overruled.

---

[1] The victim had his legs amputated after an accident, and needed the crutches or a wheelchair to get around.

{¶8}   The judgment of the Court of Common Pleas of Crawford County is affirmed.

***Judgment Affirmed***

**ROGERS and SHAW, J.J., concur.**

**/jlr**