OPINION
{¶ 1} Desmond Taylor was convicted of murder and three counts of felonious assault in Montgomery County Common Pleas Court on August 11, 2004. Taylor was *Page 2 
sentenced to a term of fifteen (15) years to life on the murder charge and five (5) years on the felonious assault charges, to run concurrently with the sentence imposed by the court on the murder conviction.
 {¶ 2} Taylor did not appeal his convictions which resulted from his guilty pleas, but on October 3, 2006, he moved to withdraw his guilty pleas pursuant to Crim.R. 32.1. The trial court overruled his motion and this appeal followed.
 {¶ 3} In a single assignment of error, Taylor contends the trial court abused its discretion in overruling his motion to withdraw his guilty pleas. Taylor contends the trial court should have granted his motion because the court misinformed him that he could be sentenced to eight (8) years on each of the felonious assault charges for a possible sentence of thirty-nine (39) years to life. Taylor argues that the felonious assault charges merge with the murder charge per R.C. 2941.25, the "allied offense" statute.
 {¶ 4} Taylor has not favored us with a transcript of the plea hearing, but the State does not dispute Taylor's claim that the trial court told him he faced 39 years to life if he was convicted on all the charges. Taylor was charged in the first court of the indictment in case No. 04-CR-02771 with causing the death of Sharice Allen as a result of his committing or allegedly to commit a crime of violence, to-wit, felonious assault in violation of R.C. 2903.11. In the second count, Taylor was charged with knowingly causing serious physical harm to Sharice Allen in violation of R.C. 2903.11(A)(1) and in the third count, knowingly causing or attempting to cause physical harm to Sharice Allen by means of a deadly weapon, to-wit, a knife. In an unrelated case, 04-CR-01799, Taylor was charged with the felonious assault of April Turner. Taylor conceded he could *Page 3 
have faced fifteen (15) years to life for the murder of Sharice Allen and eight (8) years for the felonious assault of April Turner for a combined sentence of twenty-three (23) years to life.
 {¶ 5} Taylor argues he could not be convicted of the murder of Sharice Allen pursuant to R.C. 2903.11 without at once committing the crime of felonious assault, so the assault charges should "merge" with his murder conviction.
 {¶ 6} The State argues that Taylor failed to demonstrate to the trial court that it should have granted his motion to prevent a manifest injustice as required by Crim.R. 32.1. The State argues that Taylor's delay in filing his motion also militates against granting the motion.State v. Francis (2004), 104 Ohio St.3d 490. Finally, the State argues that the trial court properly informed Taylor he faced thirty-nine (39) years to life if convicted on all charges because it argues murder and felonious assault are not allied offenses of a similar import.
 {¶ 7} Ohio's Rev. Code 2941.25 addresses when offenses merge, and it provides as follows:
 {¶ 8} "(A) [w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 9} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment *Page 4 
or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 10} The Ohio Supreme Court in State v. Rance (1999),85 Ohio St.3d 632, 710 N.E.2d 699, reiterated the test to be applied in determining whether two offenses are allied offenses of similar import. InRance, the Ohio Supreme Court stated as follows: "If the elements of the crimes correspond to such degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." Id. At 636, quoting State v. Jones (1997),78 Ohio St.3d 12, 13, 676 N.E.2d 80. Pursuant to Rance, supra, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. If the elements do not so correspond that the commission of one crime will result in the commission of the other, the offenses are of dissimilar import and the court's inquiry ends.Rance, supra at 636.
 {¶ 11} In State v. Jones, Mont. App. No. 21522, 2007-Ohio-1035, we held that felonious assault does not merge with felony murder as defined in R.C. 2903.04. Jones was charged with felony murder causing the death of another while committing a first or second degree offense of violence in violation of R.C. 2903.04 and two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (A)(2). We held in Jones that since one can commit a felony murder without committing either type of felonious assault and vice versa, they are not allied offenses of a similar import and affirmed his convictions on all charges.
 {¶ 12} The trial court therefore properly advised Taylor of the sentence he faced if convicted on all charges. Taylor failed to demonstrate that he was the victim of a *Page 5 
manifest injustice. The trial court did not abuse its discretion in overruling Taylor's motion to withdraw his pleas. The assignment of error is Overruled. The Judgment of the trial court is Affirmed.
 FAIN, J., and GRADY, J., concur. *Page 1