[Cite as *State v. Taylor*, 2015-Ohio-3510.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26500 |
| | : | |
| v. | : | T.C. NO. 04CR1799 |
| | : | 04CR2771 |
| DESMOND L. TAYLOR | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___28th___ day of ____August____, 2015.

. . . . . . . . . .

CARLEY J. INGRAM, Atty, Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

DESMOND L. TAYLOR, #499-249, Warren Correctional Institute, P. O. Box 120, Lebanon, Ohio 45036
       Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the pro se Notice of Appeal of Desmond L. Taylor, filed December 4, 2014.  Taylor appeals from the June 2, 2014, "Decision, Order and Entry Overruling in part, and Sustaining in part, Defendant's Motion to

Withdraw Guilty Plea Pursuant to Cr. R. 32.1." We note that on December 30, 2014, this Court issued a Show Cause Order regarding Taylor's untimely Notice of Appeal, and Taylor responded on January 12, 2015, asserting that he "caused to have his notice of appeal placed in the prison mailbox on Tuesday morning, June 17, 2014, around 7:00 am.," and that his mail was evidently misplaced due to no fault of his own. On January 30, 2015, this Court determined that Taylor demonstrated good cause to file an untimely notice of appeal.

{¶ 2} Taylor pled guilty on July 11, 2005 to murder and two counts of felonious assault in Case No. 2004 CR 2771, and he pled guilty on the same day to one count of felonious assault in Case No. 2004 1799. He was sentenced to concurrent terms of 15 years to life for murder and five years on each on the felonious assault offenses in Case No. 2004 CR 2771, and to four years on the felonious assault offense in Case No. 2004 CR 1799, to be served concurrently with the sentences imposed in Case. No. 2004 CR 2771. Taylor did not appeal his convictions.

{¶ 3} On October 3, 2006, Taylor filed a pro se motion to withdraw his guilty plea to murder in Case No. 2004 CR 2771, asserting that his plea was not knowingly or voluntarily made based upon ineffective assistance of counsel. He further asserted that his guilty plea to murder violated the Equal Protection Clause of the Constitution because the murder and involuntary manslaughter statutes prohibit identical activity, require identical proof to convict a defendant, and impose different penalties. The trial court overruled the motion, and Taylor appealed. This Court affirmed the decision of the trial court. *State v. Taylor*, 2d Dist. Montgomery No. 21947, 2008-Ohio-432.

{¶ 4} On December 18, 2013, Taylor filed pro se motions to withdraw his guilty

pleas in both cases. He asserted that the trial court violated his due process rights by failing to ascertain that Taylor understood the nature of the charges against him before he entered his pleas. Taylor also asserted that the trial court failed to advise him that he was subject to mandatory post-release control on the felonious assault charges, and that the court also imposed an improper term of post-release control, rendering his sentence void. Taylor sought to withdraw his pleas, obtain a new trial, and be re-sentenced on the felonious assault charges. The State did not respond to the motions.

{¶ 5} In ruling upon Taylor's motions, the trial court thoroughly reviewed the plea colloquy that took place on July 11, 2005 and determined that "the record shows that the State and the Court detailed the nature of the charges several times during the plea hearing," and the court concluded that "it is clear on the record that Defendant was properly informed as to the nature of the charges against him before entering his guilty pleas." The court further noted that Taylor filed his motion almost nine years after entering his pleas and concluded that Taylor "should have included his present arguments in his first post sentencing motion and/or direct appeal and, because he failed to do so, Defendant's claims are insufficient to show manifest injustice."

{¶ 6} Regarding the imposition of post-release control, the trial court concluded as follows:

> * * * Pursuant to Crim.R. 11, the court must inform a defendant as to any mandatory post-release control during the plea colloquy. In addition, R.C. 2967.28(B)(2) clearly states that a conviction for a felony of the second degree requires mandatory post-release control for a period of three years.
>
> In the present case, the Court finds that the Court failed to mention

the mandatory term of post-release control for the felonious assault convictions during Defendant's plea hearing on July 11, 2005. Moreover, felonious assault is a second degree felony and requires three years of post-release control, but Defendant was erroneously sentenced to a mandatory term of five years of post-release control for his felonious assault convictions.

However, although Defendant's arguments with respect to post-release control have merit, he has currently been incarcerated for almost nine years and has, therefore, already served the time sentenced for his felonious assault convictions. Consequently, the Court can no longer alter his sentence, but will order nunc pro tunc that Defendant not serve any post-release control for the felonious assault convictions.

{¶ 7} On December 4, 2014, Taylor filed "Defendant's Motion for a Final Appealable Order" in both cases. On April 27, 2015, in Case No. 2004 CR 1799, the trial court issued a Nunc Pro Tunc Entry and Order which provides in part that Taylor "was sentenced to an incorrect term of post-release control. Therefore, the Court **ORDERS** nunc pro tunc that Defendant not be required to serve any post-release control for the convictions of felonious assault." On May 22, 2015, the court issued an identical Nunc Pro Tunc Entry and Order in Case No. 2004 CR 2771.

{¶ 8} Taylor's sole assignment of error herein is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION IN NOT PERMITTING APPELLANT TO WITHDRAW HIS GUILTY PLEA DESPITE SENTENCE BEING VOID, THUS DENYING APELLANT DUE PROCESS

IN ACCORDANCE WITH THE CONSTITUTIONS OF THE UNITED STATES AND OHIO. (Ref: Decision, Order, and Entry of Trial Court June 2, 2014[)]

{¶ 9} Taylor asserts as follows:

The record reflects, and the trial court admits, that Appellant's "arguments with respect to post-release control have merit." However, the trial court somehow believes that because Appellant had been incarcerated for "almost nine years and had, therefore, already served the time sentenced for his felonious assault convictions" that no legal or otherwise legitimate prejudice has occurred. This is like saying that a man put to death by lethal injection who is finally exonerated should not receive a pardon or expungement. Such thinking violates even the spirit of sound jurisprudence. The court in *State v. Long*, 2010-Ohio-6115 provides the rationale that should be applied in the instant matter as a void sentence is a void sentence no matter how much time has been served on that sentence.

{¶ 10} We note that in *Long*, 1st Dist. Hamilton No. C-100285, 2010-Ohio-6115, the First District found, on Long's "Motion to Vacate and Correct a Void Sentence," that the "challenge is well taken because Long's sentence [for murder] contained an unauthorized term of postrelease control." *Id.*, ¶ 1. The First District determined that "when a sentencing court has imposed postrelease control without the statutory authority to do so, and the matter has come to the attention of the trial court or a reviewing court, the sentence is void and must be vacated, and the defendant must be resentenced." *Id.*, ¶ 5.

**{¶ 11}** As this Court has previously noted:

Withdrawal of a guilty plea after sentencing is permitted only in the most extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice. Crim.R. 32.1; *State v. Harris*, 2d Dist. Montgomery No. 19013, 2002–Ohio–2278, ¶ 7, citing *Smith* at paragraph one of the syllabus. "A manifest injustice has been defined by the Ohio Supreme Court as a 'clear or openly unjust act.' " *State v. Moore*, 2d Dist. Montgomery No. 24387, 2011–Ohio–4546, ¶ 9, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). Consideration of a Crim.R. 32.1 motion is addressed to the sound discretion of the trial court, which assesses the good faith, credibility and weight of the movant's assertion in support of the motion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992); *Smith* at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard. *State v. Barnett*, 73 Ohio St.3d 244, 596 N . E.2d 1101 (1991). An abuse of discretion means "that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St .2d 151, 157, 404 N.E.2d 144 (1980).

*State v. Sage*, 2d Dist. Montgomery No. 25453, 2013-Ohio-3048, ¶ 16.

**{¶ 12}** The State directs our attention to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, and *State v. Holdcroft*, 137 Ohio St.3d 526,

2013-Ohio-5014, 1 N.E.3d 382. In *Fischer*, the Supreme Court of Ohio held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *Id.*, ¶ 26. In *Holdcroft*, the Supreme Court of Ohio held that a "trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *Id.*, paragraph three of the syllabus.

**{¶ 13}** As the trial court noted, R.C. 2967.28(B)(2) provides that a conviction for a felony of the second degree requires mandatory post-release control for a period of three years, and as the State asserts, only the portion of Taylor's sentence imposing post-release control for five years on the felonious assault convictions was void. We agree with the State that since Taylor served the sentences imposed for the felonious assault convictions, "the only remedy available was to amend the judgment to vacate the portion of the sentence imposing post-release control, which is what the trial court did." As the State further asserts: "because the amended judgment entry vacated the portion of the sentence ordering post-release control, [Taylor] cannot claim that the court's failure to mention post-release control at the plea rendered his plea involuntary due to his mistaken belief that he would not be subject to post-release control upon release."

**{¶ 14}** Since Taylor failed to demonstrate a manifest injustice, and since the trial court did not abuse its discretion in ruling upon Taylor's motion, Taylor's sole assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and FAIN, J., concur.

Copies mailed to:

Carley J. Ingram
Desmond L. Taylor
Hon. Dennis J. Adkins