[Cite as *State v. Silva*, 2016-Ohio-633.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HENRY COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 7-15-07

     v.

CHRISTOPHER D. SILVA,            O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 14 CR 0098

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:   February 22, 2016

APPEARANCES:

    *Billy D. Harmon* for Appellant

Case No. 7-15-07

**SHAW, P.J.**

{¶1} Defendant-appellant Christopher D. Silva ("Silva") brings this appeal from the April 1, 2015 judgment of the Henry County Common Pleas Court sentencing Silva to eight years in prison after Silva pled guilty to, and was convicted of, Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree.

*Relevant Facts and Procedural History*

{¶2} On October 17, 2014, Silva was indicted for Aggravated Burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, and Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. Silva originally pled not guilty to the charges.

{¶3} On March 2, 2015, Silva and the State entered into a written negotiated plea agreement wherein Silva agreed to plead guilty to Felonious Assault as indicted and in exchange the State agreed to dismiss the Aggravated Burglary charge against Silva at sentencing. (Doc. No. 26). In addition, the written plea agreement indicated that the State would recommend a maximum eight year prison term on the Felonious Assault charge.[1] (*Id.*)

{¶4} On March 2, 2015, the trial court held a change-of-plea hearing. At the change-of-plea hearing Silva signed the written plea agreement in open court

_____

[1] While the State's recommended sentence was stated in the plea agreement, it was specifically noted at the plea hearing that the State's recommendation was *not* a joint sentencing recommendation.

-2-

and the trial court engaged in a Crim.R. 11 colloquy with Silva. Silva demonstrated that he was knowingly, intelligently, and voluntarily entering his plea, and he pled guilty to Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. That plea was ultimately accepted and Silva was found guilty.

{¶5} On March 31, 2015, the case proceeded to sentencing. At sentencing the State requested that Silva be sentenced to a maximum eight year prison term. The State argued that Silva's criminal history, the facts of this case, and the seriousness of the physical harm to the victim warranted a maximum sentence. Silva's counsel argued for a minimum sentence or a sentence in the lower half of the range for second degree felonies. Silva then made a statement on his own behalf, taking responsibility for his actions and stating that he was sorry for what he had done.

{¶6} After hearing the arguments of the parties, the trial court ultimately sentenced Silva to serve eight years in prison.[2] The trial court also notified Silva that he would be subject to five years of post-release control.

{¶7} A judgment entry memorializing Silva's sentence was filed April 1, 2015. It is from this judgment that Silva appeals, asserting the following assignment of error for our review.

---

[2] The Aggravated Burglary charge was also dismissed by the trial court at sentencing, per the plea agreement.

**ASSIGNMENT OF ERROR**
**THE SENTENCE IMPOSED UPON DEFENDANT-APPELLANT WAS CONTRARY TO LAW AND AN ABUSE OF DISCRETION.**

{¶8} In his assignment of error, Silva argues that the trial court erred in sentencing him to a maximum prison term and that the trial court erred by stating that he would be subject to five years of post-release control.

*Maximum Sentence*

{¶9} "Trial courts have full discretion to impose any sentence within the statutory range." *State v. Noble*, 3d Dist. No. 8-14-06, 2014-Ohio-5485, ¶ 9 citing *State v. Saldana,* 3d Dist. Putnam No. 12–12–09, 2013–Ohio–1122, ¶ 20. "A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record or otherwise contrary to law." *State v. Barrera,* 3d Dist. Putnam No. 12–12–01, 2012–Ohio–3196, ¶ 20. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is in a better position to judge the defendant's chances of recidivism and determine the effects of the crime on the victim. *State v. Watkins,* 3d Dist. Auglaize No. 02–08, 2004–Ohio–4809, ¶ 16.

{¶10} Revised Code Chapter 2929 governs sentencing. Revised Code 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

{¶11} Meanwhile, R.C. 2929.11(B) states that felony sentences must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and also be consistent with sentences imposed in similar cases. In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism. R.C. 2929.12(A). However, the trial court is not required to make specific findings of its consideration of the factors. *Noble*, *supra*, at ¶ 10 citing *State v. Kincade,* 3d Dist. Wyandot No. 16–09–20, 2010–Ohio–1497, ¶ 8.

{¶12} In this case, at the sentencing hearing the trial court stated that it had considered the statutes related to sentencing, specifically citing R.C. 2929.11 and R.C. 2929.12. (Mar. 31, 2015, Tr. at 11). The trial court also stated that it considered the pre-sentence investigation, and that it had reviewed that pre-sentence investigation multiple times. The pre-sentence investigation contained Silva's criminal history, part of which was also narrated by the prosecutor at the beginning of the sentencing hearing. Silva had been previously convicted of Aggravated Burglary and had been sentenced to serve five years in prison for that conviction. In addition, Silva had multiple prior domestic violence convictions, some of which had been reduced from felonies to misdemeanors.

{¶13} The pre-sentence investigation also elaborated on the harm suffered by the victim and the facts giving rise to the charge, which the prosecutor mentioned at sentencing as well. The pre-sentence investigation contained information that when the victim came home from work one day Silva was waiting for her and he kicked her in the chest, knocking her down. Silva "then dragged her to the couch in the living room by her hair[,] * * * [and] struck her numerous times on her face and body with a closed fist." Then, Silva "tied her up with duct tape so she could not move and put her on the couch, laying [sic] down. * * * [Silva] then picked up a large knife from the kitchen and told her he was going to 'Carve snitch on [her] forehead[.]' " The victim also indicated that Silva

threatened multiple times to cut and kill her. As a result of the incident the victim had five broken ribs, multiple lacerations and bruises, she lost a tooth, and she had a large mass swelling on her eye. Based upon these facts and Silva's criminal history the trial court ordered Silva to serve a maximum eight year prison term.

{¶14} On appeal Silva does not argue that his sentence was contrary to law as it fell within the appropriate statutory range. Rather, he argues that the trial court abused its discretion by ordering him to serve a maximum prison term. Silva does not cite anything specific to establish that the trial court's decision was erroneous. He merely summarily states that the trial court's decision was unreasonable, arbitrary, and unconscionable.

{¶15} Despite Silva's arguments, we cannot find the trial court's sentence improper. The trial court clearly stated that it had considered the appropriate statutory authority and it stated that it had considered Silva's criminal history. In addition, the trial court indicated that it considered the facts of the situation, given that it stated that it had reviewed the pre-sentence investigation multiple times. As Silva did have a significant criminal history, including a history of violent offenses, and as Silva did severely injure the victim, restrain her, and threaten to kill her, we cannot find that the trial court erred in ordering a maximum sentence in this case.

*Post-Release Control*

**{¶16}** Silva also claims in his brief to this Court that the trial court erred by notifying Silva that he was subject to a period of five years of post-release control. Silva contends that pursuant to R.C. 2967.28(B), he was only subject to three years of post-release control.

**{¶17}** Revised Code 2967.28(B)(2) does clearly state that, "[f]or a felony of the second degree that is not a felony sex offense, [a defendant is subject to] three years [of post-release control]." *See also State v. Taylor*, 2d Dist. Montgomery No. 26500, 2015-Ohio-3510, ¶ 13. There is no argument made that the Felonious Assault Silva was convicted of was anything other than a second degree felony and there is no argument that it was a sex offense. Therefore it would appear that the trial court's statement that Silva was subject to five years of post-release control was erroneous.[3]

**{¶18}** Based on the record and the statutory authority we are compelled to sustain Silva's assignment of error *only* to the extent that he must be properly notified of post-release control. The remaining portion of his assignment of error, however, is overruled.

**{¶19}** For the foregoing reasons the judgment of the Henry County Common Pleas Court is Affirmed in Part and Reversed in Part. This cause is

---

[3] Notably, the State does not contest this issue and in fact failed to file a brief in this case.

remanded to the trial court for limited resentencing proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**